## In re LEWIS.

District Court, S. D. Mississippi, W. D. April 5, 1929.

R. H. & J. H. Thompson, of Jackson, Miss., for the motion.

Hirsh, Dent & Landau and R. L. McLaurin, all of Vicksburg, Miss., for bankrupt.

HOLMES, District Judge. A. J. Lewis, a resident for the preceding six months of the Jackson division of the Southern district of Mississippi, filed a voluntary petition in bankruptcy in the Western, or Vicksburg, division of said district. The judge being in the Jackson division at the time, the clerk referred the petition to the referee in bankruptcy for the Western division, who made the adjudication.

Motion is now made by certain creditors to set aside all orders made by said referee, to transfer the cause to the Jackson division, and to refer the same to the referee in the latter division, or for such other orders as the court may deem proper.

It is contended that all proceedings before the referee in the Western division were void, because the bankrupt resided in the Jackson division; but this contention fails to differentiate between venue and jurisdiction. In what district a voluntary petition in bankruptcy should be filed is a question of jurisdiction, but in what division of the proper district is a question of venue.

The petitioner in voluntary bankruptcy may waive the right to proceed in the division of his residence, and file his petition in another division of the proper district. The filing of the voluntary petition and the reference thereof to the referee of the Vicksburg division was not invalid, and the motion to transfer the cause to the Jackson division and to set aside the orders made by the referee of the Western division will be overruled.

There are, however, many administrative reasons why the court should determine how the bankruptcy cases should be distributed among its various referees. In this district there are four divisions, with one referee in bankruptcy in each. It has been the settled practice for years for the court or clerk to refer a case to the referee of the division in which it is filed.

Paragraph (g) of section 18 of the Bankruptcy Act provides: "(g) Upon the filing of a voluntary petition the judge shall hear the petition and make the adjudication or dismiss the petition. If the judge is absent from the district, or the division of the district in which the petition is filed at the time of the filing, the clerk shall forthwith refer the case to the referee." 30 Stat. 551, c. 541, § 18; 11 USCA § 41 (g).

But this is the first time in this district the question has been presented as to which referee should handle a case where a resident of one division files his petition in another. The bankrupt claims that Vicksburg is more convenient to him and the other interested parties than Jackson. The proof shows that the bankrupt lives at Edwards, between Jackson and Vicksburg, a little nearer the latter.

I think the case could be handled efficiently by either of the referees with equal convenience to the parties, and that the ultimate question here is simply which should have it under a fair division of the bankruptcy busi-

ness. In these circumstances, I think the case should be transferred to the referee for the Jackson division for further proceedings.

An order will be entered accordingly.